UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICK LOWRY, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>     v.<br><br>ADDITECH, INC., a Texas corporation,<br><br>           Defendant. | No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(King County Superior Court Case No. 19-2-00613-7 SEA) |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Additech, Inc. ("Defendant" or "Additech") hereby removes the above-captioned action from the Superior Court of the State of Washington in and for King County[1] to this Court on the ground of original jurisdiction based on 28 U.S.C. § 1332(d). The following statement is submitted in accordance with 28 U.S.C. § 1446.

## I.    STATE COURT ACTION

1.    On or about January 8, 2019, Plaintiff Nick Lowry ("Plaintiff") filed a Class Action Complaint (the "Complaint") in the Superior Court of the State of Washington in and for King County, entitled *Nick Lowry, on behalf of himself and all others similarly*

---

[1] A true and correct copy of the Civil Cover Sheet is attached hereto as Exhibit E.

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION – Page 1



*situated v. Additech, Inc., a Texas corporation*, Case No. 19-2-00613-7 SEA (the "State Court Action"), a true and correct copy of which is attached hereto as Exhibit A.

2.      Plaintiff seeks to represent a class consisting of "All persons who purchased Additech's Fuel System Cleaner or Diesel Guard products in Washington State, at any time after January 7, 2015." Ex. A at ¶ 56.  The Complaint asserts that Plaintiff, and the putative class members, purchased Additech's products that allegedly "did not deliver the benefits promised by Additech."  *Id.* at ¶¶ 55, 56.

3.      The Complaint asserts two causes of action against Additech:  (1) Violation of Washington's Consumer Protection Act, RCW 19.86, *et seq.* – Non-*Per Se* Deceptive Business Practices; and (2) Violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* – Non-*Per Se* Unfair Business Practices.  Ex. A at ¶¶ 64-85.

4.      A copy of the Summons (a true and correct copy of which is attached hereto as Exhibit D), Complaint (Exhibit A), and Civil Cover Sheet (Exhibit E) were served on Defendant's registered agent for service on or about January 22, 2019.

5.      Defendant is the only defendant in the State Court Action.  There are no unserved defendants, and as such, Defendant is the only defendant that need consent to this removal.

## II.      JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED

6.      The Class Action Fairness Act of 2005 ("CAFA") grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, where the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and where the number of putative class members exceeds 100.  28 U.S.C. §§ 1332(d)(1)(B), (d)(2)(A), and (d)(5)(B); *see Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("Federal jurisdiction under CAFA has three elements:

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

(1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must have at least 100 members and (3) the amount in controversy must exceed the sum or value of $5,000,000.") (internal citation and quotation omitted).

7.      There is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").  To the contrary, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id*. at 554 (quoting S. Rep. No. 109-14, p. 43 (2005)).

8.      This action satisfies all requirements for removal under CAFA, as set forth below.  Further, while there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. § 1332(d)(3)-(5), none of the exceptions are applicable here, as demonstrated below.

**A.      Minimum Diversity Exists.**

9.      Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

10.      Plaintiff alleges that he is domiciled in the State of Washington (Ex. A at ¶ 10) and is therefore a citizen of Washington for jurisdictional purposes.[2]

11.      Additech is a corporation and is therefore deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is generally its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d

---

[2] As for the citizenship of the putative class Plaintiff seeks to represent, that class is comprised of individuals who purchased Additech's products in the state of Washington.  Ex. A at ¶ 56.

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION – Page 3

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

1029 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

12.     As Plaintiff alleges, Additech is "a Texas corporation" with its headquarters and principal place of business in Texas.  Ex. A at ¶ 11.  The State of Texas's Comptroller of Public Accounts search website further shows that Additech is a Texas corporation with its corporate headquarters and principal place of business located in Sugar Land, Texas. *See* URL at https://mycpa.cpa.state.tx.us/coa/coaSearchBtn.

13.     Consequently, Additech's citizenship is diverse from Plaintiff's and the minimum diversity requirement under CAFA is satisfied.

**B.     The Amount in Controversy Exceeds $5,000,000.**

14.     CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00).  *See* 28 U.S.C. § 1332(d).  Here, the allegations in Plaintiff's Complaint and the claimed damages exceed the jurisdictional minimum.

15.     A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).  Here, in determining the amount in controversy for purposes of removal, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint—not what a court or jury might later determine to be the actual amount of damages, if any. *See Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition,

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION – Page 4

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

"but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal").

16. Plaintiff brings this action on behalf of himself and a putative class defined as: "All persons who purchased Additech's Fuel System Cleaner or Diesel Guard products in Washington State, at any time after January 7, 2015." Ex. A at ¶ 56. Additionally, Plaintiff alleges that there are more than 1,000 people in the purported class. *Id.* at ¶ 57.

17. Plaintiff alleges that he and the purported class "suffered injury in fact and lost money," and that they are entitled to "recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper." Ex. A at ¶¶ 71, 73, 83, 85. Given the four-year damages period and treble damages alleged by Plaintiff, as well as the attorneys' fees[3] and costs of suit, the damages in this matter could easily exceed the $5,000,000 threshold.

18. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 135 S. Ct. at 554. This standard applies to complaints like the Complaint in this action, which does not allege or seek a specific amount of damages: "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy…the Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra*, 775 F.3d at 1197-98 (citing *Dart Cherokee*, 135 S. Ct. at 554-55).

19. Additech alleges that the amount in controversy exceeds $5,000,000 only for the purposes of establishing subject matter jurisdiction under CAFA. Additech's

---

[3] In determining whether a Complaint meets the amount in controversy requirement, the Court should also consider potentially available attorney's fees. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION – Page 5

allegations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or whether a class action is proper. *LaCrosse*, 775 F.3d at 1203 ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.") (quoting *Ibarra*, 775 F.3d at 1198 n.1). While Additech denies the validity and merit of all of Plaintiff's claims and the demands for monetary and other relief that flow from them (assuming them to be accurate for purposes of this removal only), "a reasonable person, reading the complaint…would conclude that [Plaintiff] was seeking damages in an amount greater than the minimal jurisdictional amount of this Court." *See* LCR 101(a).

20. Additech reserves the right to provide evidence as to the above calculations and all other amounts sought by Plaintiff in the Complaint should Plaintiff challenge or should the Court question the amount in controversy.

**C.    Size of the Purported Class.**

21. The Complaint alleges that the number of putative class members exceeds 1000. *See* Ex. A at ¶ 57. Therefore, the aggregate membership of the proposed class is at least 100, as required under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

### III.    NO CAFA EXCEPTIONS APPLY

22. CAFA contains exceptions to its grant of original jurisdiction for when the primary defendants are citizens of the State in which the action was originally filed (28 U.S.C. §§ 1332(d)(3) and (d)(4)), and for when the defendants are government entities or the putative class numbers less than 100 in the aggregate (28 U.S.C. § 1332(d)(5)).

23. Because Additech is neither a citizen of the state of Washington nor a government entity (*see* Ex. A at ¶ 11), and because the putative class numbers more than 100 in the aggregate (*see* Ex. A at ¶ 57), the exceptions to jurisdiction set forth in CAFA do not apply.

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION – Page 6

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

## IV.    REMOVAL IS TIMELY

24.    As set forth above, the Complaint was served on Defendant's agent for service of process on January 22, 2019.  This Notice of Removal is timely in that it has been filed within thirty days of the date of service of the Complaint consistent with 28 U.S.C. § 1446(b).

## V.    ADDITECH PROVIDED NOTICE TO PLAINTIFF

25.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing the Notice of Removal, Additech will give written notice to Plaintiff's counsel of record:  Beth E. Terrell and Benjamin M. Drachler at Terrell Marshall Law Group, 936 North 34th Street, Suite 300, Seattle, Washington 98103; and, Daniel L. Warshaw, Michael H. Pearson, Eric J. Mont at Pearson, Simon & Warshaw LLP, 15165 Ventura Boulevard, Suite 400, Sherman Oaks, California 91403.

26.    In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of Washington for King County.

## VI.    VENUE

27.    Venue lies in the United States District Court in and for the Western District of Washington, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), because the King County Superior Court, where the suit was originally filed, is located within the District.  Plaintiff also alleges injury in this district.  *See* Ex. A at ¶¶ 55, 56, 71, 83.

## VII.    INTRADISTRICT ASSIGNMENT

28.    Pursuant to LCR 3(d)(1), this action is properly removed to the Seattle Division of the Western District of Washington because the claims arose in Snohomish County, Washington.  *See* Ex. A at ¶¶ 52, 55.

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION – Page 7

## VIII.   ATTACHMENT OF PLEADINGS

29.    As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Additech and found in the files of the Superior Court of the State of Washington for King County are attached hereto.  *See* chart below.

| Exhibit | Document |
|---|---|
| A | Class Action Complaint |
| B | Order Setting Civil Case Schedule |
| C | Case Information Cover Sheet and Area Designation |
| D | Summons |
| E | Case Assignment Area Designation and Case Information Cover Sheet |
| F | Notice Regarding Assigned Judge |
| G | Notice of Appearance (Terrell Marshall Law Group) |
| H | Motion for Limited Admission of Daniel L. Warshaw Pursuant to APR 8(b) *Pro Hac Vice* |
| I | Notice of Hearing re Motion for Limited Admission of Daniel L. Warshaw Pursuant to APR 8(b) *Pro Hac Vice* |
| J | Motion for Limited Admission of Michael H. Pearson Pursuant to APR 8(b) *Pro Hac Vice* |
| K | Notice of Hearing re Motion for Limited Admission of Michael H. Pearson Pursuant to APR 8(b) *Pro Hac Vice* |
| L | Motion for Limited Admission of Eric J. Mont Pursuant to APR 8(b) *Pro Hac Vice* |
| M | Notice of Hearing re Motion for Limited Admission of Eric J. Mont Pursuant to APR 8(b) *Pro Hac Vice* |
| N | Declaration of Service |
| O | Order Granting Motion for Limited Admission of Daniel L. Warshaw Pursuant to APR 8(b) *Pro Hac Vice* |
| P | Order Granting Motion for Limited Admission of Eric J. Mont Pursuant to APR 8(b) *Pro Hac Vice* |
| Q | Order Granting Motion for Limited Admission of Michael H. Pearson Pursuant to APR 8(b) *Pro Hac Vice* |
| R | Notice of Appearance (Yarmuth LLP) |

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION – Page 8



1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

| Exhibit | Document |
|---------|----------|
| S | Service of Process Receipt[4] |
| T | Plaintiff's First Set of Interrogatories and Requests for Production of Documents Propounded to Defendant Additech, Inc. |

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court of the State of Washington in and for King County, to this Court.

DATED:  February 19, 2019.          **YARMUTH LLP**

By:  *s/Lynn M. Engel*
Lynn M. Engel, WSBA No. 21934

By:  *s/Ralph H. Palumbo*
Ralph H. Palumbo, WSBA No. 4751

By:  *s/Elizabeth S. Weinstein*
Elizabeth S. Weinstein, WSBA No. 45763

1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Phone:  206.516.3800
Email: lengel@yarmuth.com
          rpalumbo@yarmuth.com
          eweinstein@yarmuth.com

*Attorneys for Defendant*

---

[4] Exhibits S and T were served upon Additech but are not part of the court file.

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION – Page 9

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receives CM/ECF notification:

Beth E. Terrell                                          *Attorneys for Plaintiff Nick Lowry*
Benjamin M. Drachler
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
Phone:  206.816.6603
Email: bterrell@terrellmarshall.com
        bdrachler@terrellmarshall.com

Daniel L. Warshaw (*pro hac vice*)                      *Attorneys for Plaintiff Nick Lowry*
Michael H. Pearson (*pro hac vice*)
Eric J. Mont (*pro hac vice*)
Pearson, Simon & Warshaw, LLP
15165 Ventura Blvd, Suite 400
Sherman Oaks, CA 91403
Phone:  818.788.8300
Email: dwarshaw@pswlaw.com
        mpearson@pswlaw.com
        emont@pswlaw.com

Dated:  February 19, 2019 at Seattle, Washington.

 *s/Kelly M. Kennedy*
Kelly M. Kennedy, Legal Assistant

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION – Page 10



1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888